1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAGJIT SINGH,

                    Petitioner,

     v.

JEFFREY UTTECHT,

                 Respondent.

Case No. 2:21-cv-00960-TL-TLF

REPORT AND RECOMMENDATION

Noted for April 7, 2023

12    This matter comes before the Court on petitioner's petition for writ of habeas

13 corpus under 28 U.S.C. § 2254, challenging the legality of his conviction for the crimes

14 of domestic violence assault in the first and second degrees. The petition presents one

15 ground for relief: that plaintiff's Sixth Amendment confrontation rights were violated by

16 the introduction of hearsay testimony. Dkt. 4 at 5.

17    In addition, petitioner has filed a motion for leave to file an "ancillary brief," which

18 the Court construes as a motion to amend the petition to add a claim for ineffective

19 assistance of counsel. Dkts. 22, 24.

20    For the reasons set forth below, the undersigned recommends that the petition

21 be DISMISSED without prejudice because the claim raised is unexhausted and

22 petitioner's request to amend be DENIED as futile because the proposed additional

23
24
25

REPORT AND RECOMMENDATION - 1

ground is also unexhausted. The undersigned further recommends that issuance of the

certificate of appealability (COA) be DENIED.

BACKGROUND

A.    <u>Factual Background</u>

The Washington Court of Appeals summarized the facts relevant to this matter

as follows:

> The State charged Singh with one count of domestic violence assault in the first degree (count I), two counts of domestic violence assault in the second degree (counts II and III), and one count of rape in the third degree (count IV) for acts committed against his wife. Count II also charged a domestic violence "within sight or sound of the victim's or the offender's minor child" aggravating factor. Each count also charged a domestic violence "ongoing pattern of ... abuse" aggravating factor.
>
> During Singh's bench trial, the State called Deputy Sherriff Nathaniel Obregon and elicited facts regarding that which Singh's family had reported to the police:
> [Prosecutor:] You talked to the son at this interview, did you not?
> [Obregon:] Very briefly, yes.
> [Prosecutor:] And did you ask him any questions about what you were told was happening to him by his father?
> [Obregon:] I did. I asked him—as in my notes, if—
> [Defense Counsel]: I object. I guess I can't object to the question.
> [Obregon]: —if his father hurt him when he pulled his arm back behind his back.
> [Defense Counsel]: I would object.
> The Court: I'm going to overrule the objection.
> [Prosecutor]: Go ahead.
> [Obregon]: I asked him if it hurt him when his father pulled his arm behind his back.
> [Prosecutor:] And did you get an answer from him?
> [Obregon]: I did. He—
> [Defense Counsel]: I object to any response.
> The Court: Overruled. He may answer the question.
> [Obregon]: He said hurt.
>
> Singh was subsequently convicted of the crimes charged in counts I and II, and the court also concluded that both counts involved domestic violence that was a part of an ongoing pattern of abuse. At sentencing, Singh was assigned an offender score of 4 for each offense, thus setting a standard range sentence of 129 to 171 months for his conviction on count I and 15

to 20 months for his conviction on count II. Singh was sentenced at the high end of the standard range for both counts, with the sentences to run concurrently.

Dkt. 11-1 at 16 (Ex. 2).

B.    State Court Procedural History

The trial court entered its judgment and sentence on September 28, 2018. Dkt. 11-1 at 2–10 (Ex. 1). Petitioner challenged his conviction and his sentence in a direct appeal, asserting that the trial court erred as a matter of state evidentiary law in admitting hearsay testimony, and that his offender score had been miscalculated, leading to an excessively lengthy sentence. Dkt 11-1 at 19–64 (Ex. 3). On March 9, 2020 Division One of the Washington Court of Appeals (the "state court of appeals") issued an unpublished opinion affirming the conviction but remanding for resentencing because the trial court had erred in calculating petitioner's offender score, resulting in an excessive sentence. Dkt. 11-1 at 13–17 (Ex. 2).

Petitioner sought discretionary review from the Washington Supreme Court ("state supreme court"), alleging for the first time that the admission of hearsay evidence violated his Sixth Amendment right to confront witnesses. Dkt. 11-1 at 188–209 (Ex. 8). The state supreme court denied review. Dkt. 11-1 at 212 (Ex. 9). Petitioner did not file a Personal Restraint Petition or other post-conviction collateral attack on his conviction. Dkt. 4 at 3.

C.    Federal Habeas Petition

On July 19, 2021, petitioner filed his federal habeas petition, asserting the trial court violated his Sixth Amendment confrontation rights by admitting hearsay testimony. Dkt. 4. Respondent contends that petitioner has failed to exhaust his ground for relief.

1   Dkt. 10. After receiving multiple extensions, petitioner filed a reply on December 23,

2   2022, together with a motion for leave to file an "ancillary brief" alleging, for the first

3   time, that petitioner's trial counsel was ineffective. Dkts. 21, 22.

4          The Court construed plaintiff's request as a motion to amend his petition and re-

5   noted the petition to be considered at the same time as the motion. Dkt. 24. Respondent

6   filed a response, opposing the motion to amend. Dkt. 25. Petitioner did not file a reply.

7                                          DISCUSSION

8          Respondent contends petitioner failed to exhaust his state remedies and thus his

9   petition should be dismissed. Dkt. 10.[1]

10  A.    Legal Standard

11         "[A] state prisoner must normally exhaust available state judicial remedies before a

12  federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270,

13  275 (1971). Petitioner's claims will be considered exhausted only after "the state courts

14  [have been afforded] a meaningful opportunity to consider allegations of legal error

15  without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257

16  (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any

17  constitutional issues by invoking one complete round of the State's established appellate

18  review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

19         A federal habeas corpus petitioner must provide the state courts with a fair

20  opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S.

21  364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner

22  "fairly presented" the claim to the state Supreme Court even though the state court did

23

24  [1] Respondent also contends, in the alternative, that petitioner's claim fails on the merits. Dkt. 10 at 9–10.
    Because the Court finds the claim is unexhausted, the Court does not reach the merits.

25

not reach the argument on the merits). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

It is not enough if all the facts necessary to support the federal claim were before the state courts or if a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365–66 (citing *Picard*, 404 U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts entitling petitioner to relief. *Gray v. Netherland*, 518 U.S. 152, 162–163 (1996); *Insyxiengmay*, 403 F.3d at 668. To put state courts on notice of a federal claim, "the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). Petitioner bears the burden of proving he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

B.    Analysis

Petitioner raised his federal claims for the first and only time when he sought discretionary review by the state supreme court. However, because petitioner did not fairly present his ground as a *federal* claim to the state court of appeals, he did not fairly present or exhaust his federal claim by virtue of raising it for the first and only time before the state supreme court. *Casey v. Moore,* 386 F.3d 896, 915–16 (9th Cir. 2004). In order for petitioner to exhaust a claim, the claim must have been raised throughout the entire state appeals process, not just at the end  before the state's highest court. *See Ortberg v.*

1    *Moody,* 961 F.2d 135, 138 (9th Cir. 1992) ("The remainder of the petition was properly

2    dismissed because five of the remaining six claims either were not raised on every level

3    of direct review, or were raised for the first time on habeas. As stated above, only claim

4    number twelve ... was raised on every level of direct review.").

5         Here, petitioner expressly acknowledged in his appeal to the state court of

6    appeals that he was *not* presenting a federal constitutional claim. Dkt. 11-1 at 50 (Ex.

7    3). Petitioner asserted the trial court erred by admitting a hearsay statement of

8    petitioner's stepson, but specifically designated the error as a violation of the state rules

9    of evidence and "not . . . of constitutional magnitude." *Id*. Petitioner's brief cites only

10   state evidentiary law and contains no argument or citation to the Sixth Amendment or

11   federal law. *Id*. at 45–50. Similarly, the state court of appeals' discussion of the issue is

12   based solely upon state law. Dkt. 11-1 at 15–16 (Ex. 2). Thus, petitioner did not bring

13   his Sixth Amendment confrontation clause issue before the state court of appeals.[2]

14        Instead, petitioner raised his Sixth Amendment claim for the first and only time in

15   his petition for discretionary review by the state supreme court. Dkt. 11-1 at 192–209

16   (Ex. 8). This is not sufficient to qualify as a fair presentation of the claim in the state

17   courts. *Casey*, 386 F.3d at 917.

18        Petitioner's claim is unexhausted because he presented his current federal claim

19   only when seeking review by the state supreme court and did not present it to the state

20   court of appeals. Accordingly, petitioner did not properly exhaust his state court

21   remedies.

22

23   _____

     [2] Petitioner filed a Statement of Additional Grounds in his appeal to the state court of appeals. Dkt.11-1 at
     97–147 (Ex. 5—original filing) and 151–152 (Ex. 6—translation). None of those grounds raises the Sixth

24   Amendment issue petitioner seeks to pursue in this matter.

25

1

C.    Dismissal Without Prejudice

2

3      If a state remedy remains available, dismissal of an unexhausted habeas petition

4   should be without prejudice, and petitioner would need to return to the state level to

5   exhaust his claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991). "The

6   appropriate time to assess whether a prisoner has exhausted his state remedies is

7   when the federal habeas petition is filed, not when it comes on for a hearing in the

8   district court or court of appeals." *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

9      Here, at the time petitioner filed his federal habeas petition, he had an available

10  state remedy. Washington State imposes a one-year statute of limitations on the filing of

11  a personal restraint petition or other post-conviction challenge. RCW § 10.73.090. Here,

12  the mandate issued, and the state court of appeals' decision became final on April 12,

13  2021. Petitioner filed his federal habeas petition only three months later, on July 19,

14  2021. Dkt. 1. At that time, the deadline for filing a personal restraint petition had not

    expired.

15     Moreover, the state court of appeals remanded petitioner's case for resentencing

16  after it held petitioner's offender score was improperly calculated and resulted in an

17  excessive sentence. Dkt. 11-1 at 17 (Ex. 2). As of the date of Respondent's Answer

18  (which was filed December 17, 2021), the resentencing had not yet occurred. Dkt. 11-1

19  at 219. However, the Court's review of the current docket in petitioner's underlying

20  criminal matter indicates that the trial court resentenced petitioner and entered a new

21  judgment and sentence on July 8, 2022. *State v. Singh*, King County No. 17-1-05455-7

22

23

24

25

docket (available at <u>Case Data | KC-Script Portal (kingcounty.gov)</u>), at docket entry 82.[3] Petitioner filed an appeal of the new judgment and sentence on August 8, 2022, which remains pending. *Id*. at docket entry 92. Therefore, petitioner appears to have an available state remedy with respect to his new judgment and sentence.

Petitioner failed to properly exhaust his state remedies and, at the time of filing his petition, state remedies remained available to him; moreover, it appears such remedies may be available to him with respect to the new judgment and sentence entered by the trial court. Accordingly, the undersigned recommends the petition be dismissed without prejudice.

<u>PETITIONER'S MOTION TO AMEND</u>

Petitioner has filed a motion for leave to file an "ancillary brief," which the Court construes as a motion to amend the petition to add a claim for ineffective assistance of counsel. Dkts. 22, 24. Respondent opposes the motion, contending that amendment would be futile because the claim petitioner seeks to add would be subject to dismissal for failure to exhaust. Dkt. 25 at 2–3.

Because petitioner seeks to amend his petition more than 21 days after the filing of a responsive pleading, he must receive leave of court to do so. Fed. R. Civ. P. 15(a)(2). Leave should be freely granted "where justice so requires." *Id*. "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'"

---

[3] The Court may take judicial notice of documents on file in federal or state courts. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

1   *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)

2   (*quoting Griggs v. Pace Am. Group, Inc.*. 170 F.3d 877, 880 (9th Cir. 1999)).

3      Here, the record shows that petitioner failed to exhaust state remedies for his

4   ineffective assistance of counsel claim. Petitioner's direct appeal to the state court of

5   appeals makes no mention of ineffective assistance—and cites no federal law. *See* Dkt

6   11-1 at 19–64 (Ex. 3). Petitioner likewise made no ineffective assistance claim in his

7   petition for review by the state supreme court. Dkt. 11-1 at 188–209 (Ex. 8). Petitioner

8   has not filed any collateral attacks on his conviction. Dkt. 4 at 3.

9      Because the claim is unexhausted, any amendment to add it to the petition in this

10  matter would be futile. *See Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004)

11  (where the claim petitioner sought to add was unexhausted, amendment was futile and

12  district court did not abuse its discretion in denying leave to amend.). The Court

13  therefore recommends that petitioner's motion to amend be DENIED.

14                          EVIDENTIARY HEARING

15     Petitioner has not requested an evidentiary hearing. The decision to hold an

16  evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S.

17  465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an

18  applicant to prove the petition's factual allegations, which, if true, would entitle the

19  applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available

20  under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state

21  court. *Cullen v. Pinholster*, 563 U.S. 170 (2011). A hearing is not required if the

22  allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at

23  474. "It follows that if the record refutes the applicant's factual allegations or otherwise

24  precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*;

25

*see Pinholster*, 563 U.S. 170. The Court finds it is not necessary to hold an evidentiary hearing in this case because Petitioner's claim may be resolved on the existing state court record.

<u>CERTIFICATE OF APPEALABILITY</u>

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a Certificate of Appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of petitioner's constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus without prejudice as unexhausted, and DENY petitioner's request to amend his petition because amendment would be futile in

light of petitioner's failure to exhaust state remedies regarding his proposed ineffective assistance of counsel claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 7, 2023, as noted in the caption.

Dated this 17th day of March, 2023.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11