UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAGJIT SINGH,<br><br>　　　　　　Petitioner<br>　v.<br><br>JEFFREY UTTECHT,<br><br>　　　　　　Respondent. | CASE NO. 2:21-cv-00960-TL<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Theresa L. Fricke (Dkt. No. 26) and Petitioner's objections to the Report and Recommendation (Dkt. No. 27). Having reviewed the Report and Recommendation, Petitioner's objections, and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES the objections.

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

ORDER ON REPORT AND RECOMMENDATION - 1

to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2). Mr. Singh filed timely objections.

In his objections, Mr. Singh explains that he is an immigrant from India who did not understand his rights or properly understand the proceedings because he had to "blindly" and "wholly" rely on an attorney who did not understand him, his customs, his speech, or a traditional, Indian family structure. Dkt. No. 27 at 5. In other words, he is asserting ineffective assistance of counsel and related violations of his Sixth Amendment and due process rights. *Id.* at 1. Mr. Singh questions a justice system that would "allow [a conviction] to stand without review." *Id.* at 2. However, no one is saying that the issues will not be reviewed. Rather, there are rules about the proper time, place, and procedure for raising these types of issues. Where a claim arises in a state court criminal proceeding, the state courts are given the first opportunity to evaluate the issues and fix them, if an error occurred. For example, in this case, the state court of appeals remanded Mr. Singh's case to the trial court for resentencing because it held his offender score was improperly calculated and resulted in an excessive sentence. Dkt. No. 11-1 at 13–17. The state courts similarly must have the opportunity to review Mr. Singh's other challenges to his conviction.

Therefore, as Magistrate Judge Fricke explained, the issues Mr. Singh raises must first be brought in state court and his remedies there must be exhausted before he can seek federal court review. *See* Dkt. No. 26 at 4–7. Because the claims Mr. Singh wishes to raise were not brought

before the state courts, any amendment would be futile, and an evidentiary hearing is unnecessary as federal habeas relief is clearly unavailable to Mr. Singh at this time.

For the foregoing reasons, the Court hereby ORDERS that:

(1) The Report and Recommendation (Dkt. No. 26) is ADOPTED;

(2) Petitioner's objections (Dkt. No. 27) are OVERRULED;

(3) Petitioner's federal habeas corpus petition is DISMISSED without prejudice;

(4) Petitioner's motion to amend his petition (Dkt. No. 22) is DENIED;

(5) a certificate of appealability is DENIED in this case; and

(6) the Clerk is directed to send copies of this Order to Petitioner, to Magistrate Judge Theresa L. Fricke and to any other party that has appeared in this action.

Dated this 13th day of June 2023.

Tana Lin
United States District Judge